

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
WILL WILSON
ATTORNEY GENERAL

Honorable E. Y. Cunningham
County Auditor
Navarro County
Corsicana, Texas

Dear Sir:

Opinion No. O-2311
Re: Should the county pay the physician for his services as a witness under the facts set forth?

Your recent request for the opinion of this department on the above question has been received.

We quote from your letter as follows:

"We had a case in our District Court where a man was tried for driving while intoxicated and during the trial the District Attorney summoned one of our local Doctors to give expert testimony in the case for which he made a charge and presented same to me for payment. I have not paid same for the reason that my understanding of the law is that under such conditions you can not pay a witness fee for his service. The District Attorney holds that I should pay the bill on the ground that it was expert advice. This doctor was called in by the District Attorney on his own initiative.

"Please advise me if the County should pay this doctor for his services."

Article 802, Vernon's Annotated Penal Code, reads as follows:

"Any person who drives or operates an automobile or any other motor vehicle upon any street or alley, or any other place within the limits of any incorporated city, town, or village, or upon any public road or highway in this state, while such person is intoxicated, or in any degree under the influence of intoxicating liquor, shall upon conviction be confined in the peniten-

tiary for not more than two (2) years, or be con-
fined in the county jail for not less than five
(5) days nor more than ninety (90) days and fined
not less than Fifty ($50.00) Dollars nor more
than Five Hundred ($500.00) Dollars."

Article 1036, Code of Criminal Procedure provides
compensation for witnesses in felony cases in attendance upon
the District Court and grand jury in counties other than that
of their residence. Witnesses for attendance upon the District
Courts and grand juries within the county of their residence
are not compensated.

We quote from Tex. Jur., Vol. 19, page 453, as follows:

"An expert may be required to testify as to
the facts within his knowledge without any com-
pensation other than that received by an ordimary
witness for attendance on court, notwithstanding
such knowledge may have been acquired through
study and practice. He may not, however, be re-
quired to engage in experiments or incur expenses
in order to qualify himself to testify in a par-
ticular case. Thus, where a medical expert has
made a post mortem examination he may be compelled
to disclose the results of that examination with-
out extra compensation, but he may not be compel-
led to make such examination without being paid
for it.

"If the services required of the expert are
such that he may not be compelled to render it
under the ordinary process of the court, or agree-
ment by the one seeking the service to compensate
the expert for it is valid; but the compensation
of the expert may not be made to depend upon the
contingency of the successful outcome of the
litigation."

We quote from A. L. R., Vol. 16, pages 462-3-4, as
follows:

"The rule is that a so-called expert witness
is not entitled to extra compensation for any
testimony which he may be required to give under
an ordinary subpoena of the court. * * * A
physician called to attend court as a witness
cannot bargain for extra compensation for the
service of attending court as a witness. And
he cannot make charges for examinations and con-

sultations preparatory to trial, dependent upon the contingency of being required to testify in a law suit. The court says that plaintiff's duty as a citizen compel him to appear as a witness and give testimony, without any other pay than fees allowed by law, and he should not be permitted to evade that duty by the palpable excuse of contract for a contingent fee. (Burnet v. Freeman, 115 S. W. 488)

"In general, if the service required of the expert is such that he cannot be compelled to render it under the ordinary process of the court, an agreement by the one seeking the service, to compensate the expert for it, is valid."

In the case of Philler vs. Waukesha County, 120 N. W. 829, (Wis. case) which was an action by a physican against the county for services performed as an expert in a criminal case, there is a dictum to the effect that, if a person desires that any witness equip himself with knowledge by research or inspection, he may employ him to do so but such employment will be controlled by the ordinary rules of contract express or implied. In People, ex rel. Pripp vs. Cayuga County, 50 N. Y. Sup. 16, which involves the validity of a contract by a district attorney employing an expert for a murder trial, the court says that it is a well known fact that expert witnesses are usually paid extra compensation for their services when called in many cases, and the question as to the amount they shall receive is usually regulated by contract. In People, ex rel. Hamilton vs. Jefferson County, 54 N. W. Sup. 782, which was an action for services rendered by an expert in a criminal case, it appears that the statute provided for payment of expenses incurred by the district attorney, and, the contract having been made by him, the court said it was competent for the attorney to bind the county for such services.

The Code of Criminal Procedure (Art. 1079) provides that the cost accruing from the attendance of witnesses in criminal cases shall be taxed against the defendant if he is convicted, and provision is made for the payment of witness fees by the State in felony cases by Article 1036, Code of Criminal Procedure, supra.

In this state the right of witnesses to receive compensation for their attendance is statutory, and they are entitled to such fees only as the statutes prescribe.

In view of the foregoing authorities, your question is respectfully answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
Ardell Williams
Assistant

AW:EP:wc


APPROVED JUNE 26, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman